UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD GERRIOR,

        Petitioner,

                                              CASE NO. 14-11313
v.                                         HONORABLE DENISE PAGE HOOD

CATHLEEN STODDARD,

        Respondent.
_____/

**ORDER NOTIFYING PETITIONER OF THE COURT'S INTENT
TO CONSTRUE HIS PLEADING AS A HABEAS CORPUS PETITION
AND
PERMITTING PETITIONER TO WITHDRAW OR TO AMEND HIS PLEADING**

       On March 14, 2014, petitioner Ronald Gerrior filed a *pro se* pleading entitled "Commercial Affidavit of Truth Draft-Title of Distress Letter of Rogatory Motion and Order to Dismiss." Petitioner is a state prisoner, and he alleges that he was sentenced in 1995 to a term of twenty to forty years in prison for second-degree murder. He claims that the State of Michigan is holding him in custody on an invalid sentence of twenty-five to forty years.

       Because Petitioner is seeking immediate release from state custody, the Court believes he is seeking habeas corpus relief. Courts may ignore a legal label that a *pro se* litigant attaches to a document, re-characterize the document, and place it in a different legal category "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the *pro se* [pleading's] claim and its underlying legal basis." *Castro v.*

*United States*, 540 U.S. 375, 381-82 (2003) (internal and end citations omitted). But before recharacterizing a *pro se* litigant's pleading as the litigant's first request for habeas corpus relief, a court must (1) notify the litigant of its intent to recharacterize the document, (2) warn the litigant that the recharacterization will mean subsequent petitions will be subject to the law on "second or successive" petitions, and (3) provide the litigant with an opportunity to withdraw the pleading or to amend it to include all of his or her claims. *Id.* at 383; *see also Foster v. Warden Chillicothe Corr. Inst.*, 522 F. App'x 319, 321 (6th Cir. 2013) (stating that "[a] *pro se* pleading may not be recharacterized as a § 2254 habeas petition unless the movant is advised of the district court's intention to recharacterize it, warned that the recharacterization could adversely affect the ability to seek future relief under § 2254, and allowed an opportunity to withdraw or amend the pleading").

This Court intends to treat Petitioner's pleading as a petition for the writ of habeas corpus under 28 U.S.C. § 2254 because Petitioner is attacking a state court judgment of sentence. In addition to challenging the length of his sentence, Petitioner alleges that the state trial court lacked subject matter jurisdiction in his criminal case, that his attorney abandoned him at a critical point, that his subsequent attorney refused to correspond with him, and that the state courts have refused to accept his jurisdictional challenge and dismiss his criminal case.

The Court's recharacterization of Petitioner's "commercial affidavit" as a habeas corpus petition will subject any subsequent habeas petitions to the statute governing "second or successive" petitions. *See* 28 U.S.C. § 2244(b). Consequently, the Court is offering Petitioner the option of voluntarily dismissing his pleading or of amending it to include additional claims. Petitioner is ordered to inform the Court whether he wants to (1)

2

voluntarily dismiss his case or (2) proceed with his case as a habeas corpus action. If Petitioner chooses to proceed with his case as a habeas corpus action, he must complete and return the form for prisoners seeking to challenge a state conviction under 28 U.S.C. § 2254. The Court is attaching a copy of that form to this order. Failure to comply with this order within **thirty (30) days** of the date of the order may result in the dismissal of this case.

    SO ORDERED.

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: July 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 3, 2014, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager