UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JAMES GERRIOR,

    Petitioner,

v.

CASE NO. 14-11313
HONORABLE DENISE PAGE HOOD

CATHLEEN STODDARD,

    Respondent.

_____/

**ORDER DISMISSING THIS CASE AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT
<u>GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL</u>**

**I. INTRODUCTION**

This matter is pending before the Court on petitioner Ronald James Gerrior's *pro se* pleading entitled "Commercial Affidavit of Truth Draft-Title of Distress Letter of Rogatory Motion and Order to Dismiss." Petitioner is a state prisoner at Carson City Correctional Facility in Carson City, Michigan. He alleges that, on June 22, 1995, he was sentenced to a prison term of twenty to forty years and on July 13, 1995, he was re-sentenced to a term of twenty-five to forty years. He claims that the twenty-five-year minimum sentence is null and void.

Because Petitioner seeks immediate release from state custody, the Court notified him on July 3, 2014, that the Court intended to treat his pleading as a petition for the writ of habeas corpus under 28 U.S.C. § 2254. The Court offered Petitioner the option of voluntarily dismissing his pleading or of amending it to include additional claims. In the same order, the Court directed Petitioner to inform the Court within thirty days whether he

wanted to voluntarily dismiss his case or to proceed with his case as a habeas corpus action. The Court further ordered Petitioner to complete the form used by prisoners seeking to challenge a state conviction under 28 U.S.C. § 2254 if he chose to proceed with his case as a habeas corpus action. The Court warned Petitioner that failure to comply with its order within thirty days could result in the dismissal of his case. *See* Docket No. 7, filed July 3, 2014.

On August 1, 2014, Petitioner mailed a timely response to the Court's order. The response is titled "Commercial Affidavit of Truth Draft - Title of Distress Letter of Rogatory Writ of Prohibition (sic) to Estoppel."

## II. DISCUSSION

In his response to the Court's prior order, Petitioner asserts that the Court is interfering with his right to file a commercial affidavit. He maintains that the Court is conspiring against him by requiring him to withdraw or to amend his pleading. But he continues to seek immediate release from custody, and a challenge to the fact or duration of physical confinement is "the heart of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. The Court therefore construes Petitioner's pleading as a habeas corpus petition under 28 U.S.C. § 2254.

Petitioner failed to comply with the Court's suggestion that he complete the form used by prisoners challenging a state conviction under § 2254. Petitioner's current pleading is defective because it fails to include "a short and plain statement of the claim[s] showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition to this "generous notice-pleading standard" for ordinary civil litigants, "Habeas Corpus Rule 2(c) requires habeas petitioners to 'specify all the grounds for relief available,' and to '"state the facts supporting each ground."'" *Mayle v. Felix*, 545 U.S. 644, 669 (2005) (Souter, J., dissenting). Petitioner's pleading fails to satisfy these basic pleading requirements. Instead of listing the grounds for relief and supporting facts in an orderly, comprehensible fashion, Petitioner's pleading is a rambling document alleging everything from a jurisdictional challenge to his state court judgment to violations of the Uniform Commercial Code.

The Court recognizes that "[a] document filed *pro se* is 'to be liberally construed,'" and that "'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But federal district courts may not "assume the role of advocate for the pro se litigant," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), nor "rewrite a petition to include claims that were never presented." *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998). To "ferret out the strongest cause of action on behalf of *pro se* litigants" would not only

> be overly burdensome, [but] it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.

*Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011).

Furthermore, habeas corpus petitioners carry the burden of proving that they exhausted state remedies for their claims. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). This requirement is satisfied if the petitioner "invok[ed] one complete round of the

3

State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (explaining that, to be properly exhausted, each claim must have been fairly presented to the state court of appeals and to the state supreme court). Petitioner has not alleged what efforts, if any, he took to exhaust state remedies for his current claims.

The Court therefore summarily **DISMISSES** Petitioner's pleading (Docket No. 1, filed March 31, 2014) without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 "allows the summary dismissal of a petition," when, as here, "'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not find it debatable whether the pleading "states a valid claim of the denial of a constitutional right" or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal if he chooses to appeal this Court's decision because he was granted *in forma pauperis* status in this Court. 24 Fed. R. App. P. 24(a)(3).

           S/Denise Page Hood
           United States District Judge

Dated: August 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2014, by electronic and/or ordinary mail.

4

S/LaShawn R. Saulsberry
Case Manager